On appellant's petition for reconsideration filed December 27, and on respondent Stockfleth's petition for reconsideration filed December 27, 1989, appellant's petition allowed; respondent Stockfleth's petition denied; former opinion (99 Or App 72, 781 P2d 1220) corrected and adhered to as corrected February 7, both petitions for review allowed May 3, 1990 (310 Or 60)

STATE OF OREGON,
*Appellant,*

*v.*

KATHLEEN R. STOCKFLETH,
*Respondent.*

(86-3-30485, 86-3-30486; CA A44567 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL JOHN LASSEN,
*Respondent.*

(86-3-30488; CA A45133)
(Cases Consolidated)

786 P2d 227

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, for appellant.

Wayne Mackeson and Des Connall, P.C., Portland, for respondent Stockfleth.

No appearance for respondent Lassen.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this consolidated appeal by the state from orders suppressing evidence obtained by court-ordered wiretaps, the state's only argument on appeal was that the trial court erred in concluding that the orders authorizing the wiretaps contained inadequate "termination" provisions. Defendant Stockfleth contended that the trial court did not err in that conclusion but that, if it did, the suppression order could be sustained on any one of six other grounds that she had asserted in the trial court and re-asserted on appeal. The state did not respond to any of those other arguments.

We affirmed for a reason different from that relied on by the trial court on the basis of an argument that had been made by defendant below and in this court. 99 Or App 72, 781 P2d 1220 (1989).

In its petition for review,[1] which we treat as a petition for reconsideration, ORAP 9.15, the state, for the first time, addresses defendant's argument on which we based our decision—and only that argument. Except for two claimed factual errors in our opinion, the argument comes too late.

The state asserts that we erred in stating that only two of the six people present at the arson scene had been interviewed before the first wiretap order was sought. It claims that three of the six had been interviewed before that time. It refers us to the affidavit submitted in support of that order and the trial court findings following the omnibus hearing in this case. It is true that the trial court's narrative findings state that Churchill, one of the six people in question, was interviewed between the second fire and January 31, 1986, the date of the affidavit for the first wiretap order. Assuming that the evidence at the hearing on the motion to suppress supports that finding, we fail to understand how that helps the state. The affidavit on which the wiretap order was based does not state that Churchill was interviewed, although it indicates that he must have been present on January 29, when the affiant was interviewing Lassen. We conclude that we did not err.

---

[1] Respondent has filed a petition for review that is conditioned on our reversing our decision on appellant's petition. Because we adhere to our former opinion as corrected, we deny respondent's petition.

We concede that we incorrectly said that Lassen increased his insurance coverage on the building destroyed by fire *after* the first fire. The record shows that he increased his insurance coverage *before* the first fire. That fact, however, was not material to our decision, although it might be relevant to other aspects of the case.

Appellant's petition for reconsideration allowed; respondent Stockfleth's petition denied; former opinion corrected and adhered to as corrected.